UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MARK KRAMER and TODD PRAGER,

    Plaintiffs,

v.

CITY OF LAKE OSWEGO,

    Defendant.

Case No. 3:12-cv-00927-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    This lawsuit stems from a city resolution limiting access to Oswego Lake (the Lake). Plaintiffs allege that defendant City of Lake Oswego's ("City") passing of Resolution 12-12 violates their First Amendment right to association, Fourteenth Amendment right to equal protection, and article 1, sections 18 and 20 of the Oregon Constitution. Plaintiffs also claim that the resolution is invalid under the public use doctrine and the public trust doctrine. Defendant has moved to dismiss for failure to join a necessary party, the State of Oregon. Plaintiffs have filed a Motion to File an Amended Complaint [26]. Oral argument was held on October 1, 2012. For the following reasons, plaintiffs' Motion to File an Amended Complaint [26] is denied, defendant's Motion to Dismiss [17] is granted, and this case is dismissed without prejudice.

OPINION AND ORDER -1

## BACKGROUND

In order to put new states entering the union on "equal footing" with the original thirteen states, "the United States early adopted and constantly has adhered to the policy of regarding lands under navigable waters in acquired territory . . . as held for the ultimate benefit of future States." *United States v. Holt State Bank*, 270 U.S. 49, 55 (1926); *Idaho v. United States*, 533 U.S. 262 ( 2001). Pursuant to the public trust doctrine, the State of Oregon obtained the title to land beneath the navigable waters within its borders when it became a state in 1859. *Jones v. Rose*, 2005 WL 2218134 (D. Or. Sept. 9, 2005). Further elaborating on the public trust doctrine, the Oregon Supreme Court stated that the rights of the state are those of a "trustee for the public" and maintained that the "lands are held in trust for the public uses of navigation and fishery." *Corvallis Sand & Gravel Co. v. State Land Board*, 439 P.2d 575, 582 (1968) (quoting *Winston Bros. Co., v. State Tax Comm'n*, 62 P.2d 7, 9 (1936)).

On April 3, 2012, the Lake Oswego City Council voted 5-0 to pass Resolution 12-12, amending city park regulations and prohibiting "any person" from entering the Lake from Millenium Plaza Park, Sundeleaf Park, or the Headless Walkway "by any means or method." The resolution has the effect of banning public entry to the lake except through the two swim parks during limited summer months. The first park, Lake Grove Swim Park, is owned by the Lake Oswego School District and is available only to residents who live within the boundary of the former school district and pay additional property tax. The second park, Lake Oswego Swim Park, is owned and operated by the City of Lake Oswego, and is available only to city residents. Resolution 12-12 justifies the restricted access on the basis that the City has limited facilities and resources for maintaining the safety of the premises and on concerns about the water quality in

the Lake. The Lake Oswego Corporation (LOC) is a nonprofit organization owned by shareholders who live on and near the Lake. The LOC contends that it owns the Lake. Shareholders have access to the Lake, and at this time, all permitted boating activity on the Lake is controlled by the LOC.

Plaintiffs argue that, pursuant to the public trust doctrine, the Lake is property of the State to be held in trust for the public and the City should be enjoined from limiting access to the Lake or in conveying title to the LOC. The State of Oregon holds title to the Lake if the Lake was navigable at the time Oregon became a state in 1859.

## DISCUSSION

Defendant contends that this case must be dismissed pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(7) as plaintiffs have failed to join a necessary party, the State of Oregon. Pursuant to the Eleventh Amendment of the U.S. Constitution, plaintiffs cannot join the State as a party in this court absent a waiver of sovereign immunity. However, plaintiffs could join the State in a suit brought in state court.

A defendant may move to dismiss a lawsuit when the plaintiff has failed "to join a party under Rule 19." FRCP 12(b)(7). Rule 19(a) provides as follows:

Persons Required to Be Joined if Feasible.

>   (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>   (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
>   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

OPINION AND ORDER -3

          (i) as a practical matter impair or impede the person's ability to protect the interest; or
          (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FRCP 19(a).

The Ninth Circuit utilizes a two-part test to analyze whether a party is a required party pursuant to Rule 19(a). *Paiute-Shoshone Indians of the Bishop Cmty of the Bishop Colony, Cal. v. City of Los Angeles,* 637 F.3d 993, 997 (9th Cir. 2011) (citing *Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996)). The court must first determine whether it "could award complete relief to the parties present without joining the non-party" or if "the non-party has a legally protected interest in [the] action that would be impaired or impeded by adjudicating the case without it." *Id.* (citation and quotations omitted). If either of these questions is answered in the affirmative, the non-party is a required party under Rule 19(a) and the Ninth Circuit turns to the second part of the Rule 19(a) analysis and asks whether the non-party could be feasibly joined. *Id.* at 998.

When joinder is not feasible, the court must turn to Rule 19(b) to determine whether proceeding without the required party is appropriate. Rule 19(b) provides:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
>     (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>     (2) the extent to which any prejudice could be lessened or avoided by:
>         (A) protective provisions in the judgment;
>         (B) shaping the relief; or
>         (C) other measures;

OPINION AND ORDER -4

> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FRCP 19(b).

In considering whether to proceed without a required party, this court must "undertake a 'practical examination of the circumstances' to determine whether an action may proceed 'in good conscience' without the absent party." *Paiute-Shoshone*, 637 F.3d at 1000 (quoting *Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 n.16 (1968)). At a minimum, Rule 19(b) requires this court to consider:

> (1) the plaintiff's interest in having a forum; (2) the defendant's interest in not proceeding without the required party; (3) the interest of the non-party by examining the extent to which the judgment may as a practical matter impair or impede its ability to protect its interest in the matter; and (4) the interests of the courts and the public in complete, consistent, and efficient settlement of controversies.

*Id.* (citation and quotations omitted).

### 1) The State of Oregon is a Required Party

Pursuant to Rule 19(a), this court must determine whether it could offer complete relief to the existing parties without joining the State of Oregon or if the State's legally protected interests would be impaired or impeded by adjudicating the case without it. *Paiute-Shoshone*, 637 F.3d at 997. Plaintiffs' Complaint asserts, among other things, that "waters of the Lake are navigable-for-public use waters that are, or have been, owned by the State of Oregon and are held in trust for the public" and that:

> the State of Oregon has an equitable right and obligation to protect the public's interest in submerged and submersible lands underlying navigable waterways or navigable portions of waterways and the enjoyment of those rights by the public, including all rights incident to navigation of the Lake, by causing the removal of

OPINION AND ORDER -5

> fences, "no trespassing" signs, and other obstacles preventing and/or discouraging
> the exercise by the public of said rights and it should be enjoined to do so.

First Am. Compl. ¶¶ 18, 21 at 7-8.

Plaintiffs present the questions raised by this lawsuit as ones of competing interests between the public and the City. Plaintiffs argue that they are simply attempting to enjoin defendant from impinging upon rights granted to the public as a consequence of State ownership. Accordingly, plaintiffs argue that the court can afford the parties complete relief without involving the State. Plaintiffs cite *Puyallup Indian Tribe v. Port of Tacoma*, in support of this argument. 717 F.2d 1251 (9th Cir. 1983). In that case, the Puyallup Indian Tribe sought to eject the Port of Tacoma from possession of an exposed riverbed. The Ninth Circuit held that the State of Washington was not a necessary party because the action was an ejection action that merely required a determination of whether the Tribe or the Port held superior title to the riverbed. *Id.* at 1255-56.

Plaintiffs present the case at bar as analogous to *Puyallup Indian Tribe*, however, resolution of this case requires a determination of whether the State of Oregon hold's title to the Lake. Without such a determination, the court cannot enjoin the City of Lake Oswego from limiting access to the Lake. In *Puyallup Indian Tribe*, the Ninth Circuit specifically noted that the State of Washington retained the ability to "assert any interest it might have in another action" and that its legal interests would not be impaired, "regardless of the outcome." *Id.* Such is not the case here. If the court determines that the Lake was not navigable, the State of Oregon will have lost any interest it has in the Lake. Accordingly, the court cannot offer complete relief to the parties without joining the State of Oregon. *See also Paiute-Shoshone*, 637 F.3d at 997 (holding the United States was a required party where success by plaintiff tribe would result in

OPINION AND ORDER -6

reversion of land title from city defendant to the United States); *United States v. Gossett*, 277 F. Supp. 11, 14 (C.D. Ca. 1967) (holding that the State of California was a necessary party where trespasser defendants argued that disputed land was located below low-water mark and was owned by the State of California).

Additionally, from the face of the First Amended Complaint, it appears that resolution of this lawsuit in plaintiffs' favor would result in the imposition of legal obligations on the State; namely the obligation to protect the public's interest in Oswego Lake. Plaintiffs argue that this is not the case and that those obligations belong to defendant. Plaintiffs have filed a Motion for Leave to File an Amended Complaint in order to modify paragraph twenty-one of the First Amended Complaint. By so doing, plaintiffs seek to clarify that it is not the State that has an obligation to protect the public's interest in the Lake, but the City, as a creature and agent of the State for purposes of the public trust doctrine that holds the equitable obligation. Decl. of Thane Tienson ¶ 4 at 2. Regardless of how plaintiffs' request for relief is plead, it is clear that the State would incur obligations to protect the public's interest in the Lake if this court determined that the State owns the Lake. Allowing the proposed amendment would do nothing to change the complexion of this lawsuit or its potential impacts. If the State owns the Lake, then the public trust doctrine imposes obligations on the State, regardless of whether plaintiffs request relief from the State.

### 2) Proceeding without the State of Oregon is Inappropriate

Because the State of Oregon is a necessary party and because joinder is not feasible, this court turns to Rule 19(b) to determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." After analyzing the necessary

OPINION AND ORDER -7

factors and the case as a whole, the court concludes that it cannot proceed in good conscience absent the State of Oregon. Most important among the factors this court has considered is that in state court, there exists a perfectly capable forum, where all necessary parties may be joined, that can resolve the issues raised by this lawsuit in an efficient, complete, and consistent matter.[1] The fact that questions of federal law are raised in this lawsuit does not preclude a state court from adjudicating them. Lastly, because obligations could be imposed upon the State if this court were to resolve the matter in plaintiffs' favor and because the State could lose any title it has to the Lake if the court were to resolve it otherwise, a judgment entered absent the State could prejudice the State's interests. The State should have an opportunity to weigh in on this matter without being forced into a forum where it has sovereign immunity. Because resolution of this matter requires a determination of title, there is little the court could do to tailor any judgment to avoid prejudicing the State's interests.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Leave to File an Amended Complaint [26] is DENIED, defendant's Motion to Dismiss [17] is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 11 day of October, 2012.

*(signature)*
Ancer L. Haggerty
United States District Judge

---

[1] Most of the issues raised in this matter could also be resolved through an administrative proceeding before the State Land Board. Or. Rev. Stat. 274.402.

OPINION AND ORDER -8